NOT DESIGNATED FOR PUBLICATION

No. 124,120

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
KENNETH D. HEMBY JR.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed March 25, 2022.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Kenneth Hemby Jr., a patient in the Kansas Sexual Predator Treatment Program, appeals the district court's denial of his request for an independent examiner as part of the program's annual review. After carefully reviewing the record and the parties' arguments, we affirm the district court's decision.

In 2017, when Hemby was nearing the end of his sentences for sexually violent crimes committed in 1991, the State filed a request that Hemby be involuntarily committed under the Sexual Predator Treatment Program. A jury found that Hemby met the criteria for involuntary commitment, and a panel of this court affirmed the jury's findings. *In re Care and Treatment of Hemby*, No. 118,490, 2018 WL 2993766 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1594 (2018). As a result, Hemby has been housed since 2017 at Larned State Hospital for treatment.

1

A person committed for treatment under the program undergoes an examination each year to determine whether "the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release." K.S.A. 2020 Supp. 59-29a08(d); see K.S.A. 2020 Supp. 59-29a08(a). Someone who wishes to challenge the results of the annual examination has a right to a hearing in the district court to evaluate his or her eligibility for transitional release. K.S.A. 2020 Supp. 59-29a08(b), (d). But in order to warrant a full hearing on this question, the committed person must demonstrate probable cause to believe that his or her mental conditions have significantly changed such that transitional release is appropriate. K.S.A. 2020 Supp. 59-29a08(d). A person's refusal to participate in treatment gives rise to a presumption that he or she cannot make this initial showing. K.S.A. 2020 Supp. 59-29a08(d).

A committed person who requests a review hearing may hire an independent examiner to further evaluate—and thus provide additional evidence relating to—his or her mental condition. K.S.A. 2020 Supp. 59-29a08(c). If the person cannot afford an independent examiner, he or she may ask the court to appoint one. But the ultimate decision whether to appoint an independent examiner is entrusted to the district court's discretion. K.S.A. 2020 Supp. 59-29a08(c). When considering such a request, the district court must take into account "the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination." K.S.A. 2020 Supp. 59-29a08(c).

Hemby declined to participate in his 2020 annual examination, meaning the program's evaluators did not have an opportunity to complete psychological testing or otherwise interview him when they compiled their 2020 report. But based on his overall participation in treatment and the results of his actuarial tests, the evaluators determined that Hemby's mental abnormalities or personality disorders had not significantly changed to render transitional release safe.

2

More specifically, Hemby's 2020 report noted diagnoses of sexual sadism disorder, pedophilic disorder, major depressive disorder, alcohol use disorder, and antisocial personality disorder. The program's evaluators explained in the report that Hemby had refused to participate in most of the treatment available to him. He had attended two of three individual therapy sessions, one of the available Comprehensive Integrated Treatment Plans, and five open leisure sessions. But that was the extent of Hemby's participation; he did not turn in any journals or fantasy logs as requested, complete any polygraphs, or attend any of his classes. And he declined enrollment in all other groups the program offered. He was also cited for disruptive behavior, with reports of threatening staff and yelling, cursing, and spitting in a peer's face.

The 2020 report also indicated that Hemby's combined actuarial scores placed him in the "High" risk category for reoffending. The Static-99R test gave people in Hemby's risk group a 27.3% chance of reoffending within 10 years of release. Another test, the ACUTE-2007, noted issues with hostility, rejection of supervision, and emotional collapse; this test scored Hemby as a high priority for risks of recidivism and sexual violence.

After the program completed its 2020 report, Hemby filed two motions—one through counsel and one pro se—petitioning the district court for a review hearing and seeking appointment of an independent mental health examiner. The district court held a hearing on these requests. The court then denied Hemby's motions for an independent examination, citing Hemby's lack of participation in the program. The court also found that Hemby had not met his burden of showing that his mental condition had changed and thus had not shown he was suitable for transitional release.

Hemby argues the district court erred when it denied his request for the appointment of an independent mental health examiner. Because a district court's

3

decision to appoint an independent examiner for an annual review hearing is discretionary, appellate courts review that decision for an abuse of discretion. K.S.A. 2020 Supp. 59-29a08(c); *In re Care and Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). A district court abuses its discretion when no reasonable person could agree with its decision or when the decision is based on a legal or factual error. *State v. Edwards*, 311 Kan. 879, 888, 467 P.3d 484 (2020). As the appellant, Hemby must demonstrate the district court's decision was the result of one of these errors. See 311 Kan. at 888-89.

Hemby has not demonstrated any error by the district court, however. Kansas statutes required the district court to consider as part of its analysis of whether to appoint an independent examiner the fact that Hemby largely refused to participate in treatment or comply with institutional requirements. Apart from a few individual therapy sessions, one Comprehensive Integrated Treatment Plan, and some open leisure sessions, Hemby has not participated in any of the classes he was enrolled in or completed any program requirements. He refused to enroll in any other groups and has been involved in multiple incidents where he acted out towards staff and peers. Hemby is not working in a job, remains at the lowest of three inpatient tiers, and has the second lowest (out of four) privilege level. The district court did not err when it found, based on this lack of participation, that the appointment of an independent examiner was not warranted here.

We are also cognizant—as was the district court—that Hemby was seeking the appointment of an independent examiner to contest an annual review process in which he had refused to participate. The district court did not abuse its discretion when it found that basic principles of equity do not allow Hemby to refuse to participate in the State's annual examination, on the one hand, but then obtain appointment of an independent examiner to contest the State's conclusions, on the other.

4

Finally, we do not find Hemby's allegations of deficiencies in the State's report to be persuasive. Hemby's 2020 report concluded that that he remains a high risk for reoffending. In an effort to undermine this conclusion, Hemby points to a 1991 evaluation suggesting his alcoholism is the main cause of his behavioral issues and that psychiatric care would not help him. He also argues that he has not shown any maladaptive sexual behavior in the program, that the program caused his current diagnoses rather than treats them, and that his evaluators have never found that an involuntarily committed patient's mental condition has changed enough to warrant release.

The fact remains, however, that Hemby could have presented these matters to the program's evaluators during his annual review as reasons why he should be considered for transitional release. If he had cooperated in that examination and engaged in his ongoing treatment, he might have had a more persuasive argument that the district court should appoint an independent examination to provide another opinion on his mental state. But instead, he declined to meaningfully participate in the treatment program or to participate at all in his annual review. Hemby thus left the program's evaluators with no basis to conclude that Hemby's mental condition has changed. And the district court had no progress to weigh against the costs of an independent examiner or an explanation for why appointing an independent examiner was appropriate.

Given Hemby's lack of participation in his treatment program and his 2020 examination, the district court did not abuse its discretion when it denied his motion to appoint an independent examiner for the review hearing.

Affirmed.